UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 96-113** |
| **CARL STEWART** | **SECTION: "S"** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant, Carl Stewart's, **Motion for Early Termination of Supervised Release** (Rec. Doc. 953) is **DENIED**.

BACKGROUND

Defendant, Carl Stewart, is currently under supervision in connection with his June 2, 2000 conviction, upon his plea of guilty, for conspiracy to distribute and possess with intent to distribute cocaine hydrochloride (Count 3), intentional killing of an individual while engaged in a continuing criminal enterprise (Count 12), and use of a firearm during and in relation to a drug trafficking crime (Count 13). Stewart was sentenced to a term of imprisonment of 120 months as to Count 3 and 240 months as to Count 12, to be served concurrently, and to 60 months as to Count 13, to be served consecutively to Counts 3 and 12. Defendant has served approximately one and half years of his five-year term of supervised release. Defendant also seeks to have his remaining court fines and fees waived. In support, he argues that he has complied with all terms and conditions of his supervised release, and that his conduct during the term to date has been exemplary, emphasizing that he has secured employment and purchased a home. He further contends that he has no history of violence, and has been faithfully paying his court fines. The

government opposes the motion, arguing that Stewart has not met his burden of showing unusual or extraordinary circumstances are present justifying early termination, and that his extremely violent criminal history make him a continued risk to the public.

## DISCUSSION

Under title 18, section 3583(e)(1) of the United States Code, a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," after considering the factors set forth in 18 U.S.C. § 3553(a). Those factors include the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, and the kinds of sentences and sentencing ranges available. 18 U.S.C. § 3553(a). Section 3583(e)(1) "confers broad discretion" on the court in determining whether termination of supervised release is warranted. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). However, it is only when "extraordinary circumstances" are present that termination is justified. United States v. Hayes, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013). Merely "abiding by the terms of ... supervised release" is not enough, because that "is the expectation for all defendants." Id.

Defendant's stated reason for termination is to "advanc[e] [defendant] in transition to community life." He also argues that his conduct while on supervised release was exemplary because he has maintained employment and abided by all the terms and conditions of supervised release. However, as noted, abiding by the terms of supervised release is not enough, and by

themselves, these facts do not establish that defendant's situation is extraordinary and compelling enough to justify termination of supervised release. Further, defendant has not pointed to any evidence establishing that his situation is extraordinary and compelling enough for termination.

The government represents that defendant's probation officer has submitted that while mostly compliant, Stewart's circumstances are not unique in a way that would justify early termination. Moreover, despite defendant's representations, his case does involve a history of violence, namely, intentional killing while engaged in a continuing criminal enterprise. In addition to the killing to which he pleaded guilty, the factual basis signed by defendant reflects that he attempted a second killing. Considering 18 U.S.C. § 3553, the nature of this offense and defendant's history are additional factors weighing against early termination.

Finally, defendant has not pointed to any authority, nor made any specific argument, as to why the court should waive his fines and court fees. Accordingly,

**IT IS HEREBY ORDERED** that defendant, Carl Stewart's, **Motion for Early Termination of Supervised Release** (Rec. Doc. 953) is **DENIED**.

New Orleans, Louisiana, this   22nd   day of June, 2021.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**